**In re MERRILL LYNCH TRUST COMPANY FSB, Henry Medina, and Medina & Medina Group, Relators.**

No. 03–1059.

Supreme Court of Texas.

Aug. 31, 2007.

Charles A. Gall, Joel Randall Sharp, Hunton & Williams LLP, Robert B. Gil-

---

breath, Hawkins, Parnell & Thackston, LLP, Dallas TX, for Relators.

J.A. (Tony) Canales, Hector Antonio Canales, Canales & Simonson, P.C., Corpus Christi TX, for Real Party in Interest.

**PER CURIAM.**

After Chris Pereyra recovered $2 million in a personal injury settlement, she retained Merrill Lynch, Pierce, Fenner & Smith Inc. and its employee Henry Medina as her financial advisors. Her agreement with Merrill Lynch contained a broad arbitration clause:

> I agree that all controversies which may arise between us, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.

Among other investments, Medina advised Pereyra to set up a trust account and name Merrill Lynch Trust Company of Texas as trustee. The sole asset of the trust is a variable life policy bought from Merrill Lynch Life Insurance Company. Both of these Merrill Lynch affiliates— ML Trust and ML Life—had their own contracts with Pereyra, neither of which contained an arbitration clause.

In September 2002, Pereyra initiated an arbitration proceeding against Merrill Lynch, Merrill Lynch & Co., Henry Medina, and Medina & Medina Group,[1] alleging breach of fiduciary duty, fraud, and other claims related to the financial services she received. Pereyra also filed this lawsuit against Medina, Medina & Medina, and ML Trust asserting several torts as well as violations of the Texas Trust Code and Texas Insurance Code. Medina and Mer-

rill Lynch filed a motion to compel arbitration and stay litigation. The trial court denied the motion, and the court of appeals denied mandamus relief. 123 S.W.3d 549 (Tex.App.-San Antonio 2003).

For the reasons stated in an almost identical case, *In re Merrill Lynch Trust Co.*, 235 S.W.3d 185 (Tex.2007), we hold the trial court abused its discretion in refusing to compel arbitration with the Medina parties, and in refusing to stay the litigation against ML Trust. Accordingly, without hearing oral argument, *see* TEX. R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and order the trial court to vacate its order and enter a new order in accordance with this opinion. We are confident the trial court will comply, and our writ will issue only if it does not.

Justice GREEN did not participate in the decision.

---

1. Merrill Lynch & Co. is the parent company of Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. Medina & Medina is a trade name used by Defendant Henry Medina.